## Joseph Armstrong v. Grant C. Stebbins.

### Gen. No. 4,512.

1. FINDINGS OF CHANCELLOR—*when, will not be set aside on review.*
The findings of fact made by the chancellor will not be disturbed on review unless they are clearly contrary to the weight of the competent evidence in the record.

Bill for accounting. Appeal from the Circuit Court of LaSalle County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

IRWIN I. HANNA and JOHN H. ARMSTRONG, for appellant.

H. M. KELLY, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of court.

Appellee filed a bill for an accounting growing out of an alleged partnership with appellant. The bill charges that a partnership was entered into between appellee and appellant for the purpose of redeeming certain real estate which had been sold under foreclosure proceedings against Mathew White, and applying any profit that might be made on certain judgments held against White by the parties. It is charged that certain lands were redeemed and on a resale a profit was made and appellant had failed to account to appellee for his just share. The answer denies all the material allegations of the bill. The court below approved the finding of the master in chancery in favor of appellee and found the amount due appellee to be $730.51, and rendered a decree for that amount, from which this appeal is taken.

It is claimed by appellee and not disputed, that he had two judgments against White amounting to about $2,000, and that appellant had a judgment to the amount of $2,500; that it was agreed between them that they would go into an arrangement by which appellee would furnish four-ninths and appellant five-ninths of the money to make re-

demptions and that they would share in the proceeds in the same proportion. Appellant contends, however, that appellee failed to put in any portion of the money and consequently is not entitled to any share in the profits. This contention raises a question of fact, and is really the only question about which any serious controversy exists. The first step taken by the parties, after the agreement was entered into, was to borrow $5,000 at the bank on their joint note with which to make the first redemption; appellant contends that the loan was made by him and that appellee signed the note voluntarily and without any solicitation on the part of appellant. When the circumstances surrounding the transaction of the parties are considered, together with the correspondence relating to the various redemptions made, we do not see how it can be seriously contended that it is insufficient to establish appellee's contention. It is contended by appellant that a settlement was had between the parties of all matters growing out of their business relations; this contention implies that the parties had unsettled business affairs and tends to weaken appellant's claim that appellee was not in on any redemption other than the one known as the South Ottawa Farm.

Appellee admits the settlement but claims it applied to one transaction only, and in this we think appellee is sustained by the evidence.

We do not think there is any variance in the proofs and the bill. In chancery cases involving purely questions of facts, we will not reverse the decree unless it is clearly contrary to the weight of the competent evidence in the record. Such is not the case here and the decree is accordingly affirmed.

*Affirmed.*